IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DELBERT LARAY MCGHEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 2:16-cv-1785-LSC |
| ) | |
| NANCY BERRYHILL, ) | |
| Acting Commissioner of Social ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

**I.    Introduction**

The plaintiff, Delbert Laray McGhee, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB"). Mr. McGhee timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. McGhee was 49 years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a high school education. (Tr. at 24, 142.) His past work experiences include employment as a truck driver, route sales driver,

assembler, laborer, and tank filler. (Tr. at 24, 68, 189, 194.) Mr. McGhee claims that he became disabled on July 24, 2013, due to complications from surgeries to his left ankle arising from a previous injury in 1995, when he "fell approximately 25 feet and suffered an open fracture of the distal left lower leg." (Tr. at 18.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding

of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's

impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Mr. McGhee meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 15.) He further determined that Mr. McGhee has not engaged in SGA since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's status post left ankle, subtalar fusion and hardware removal with bone grafting are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ did not find Mr. McGhee's allegations to be totally credible, and he determined that he has the following RFC:

sedentary exertional work with the following limitations: he is never able to use left foot controls; can only occasionally climb ramps and stairs but never climb ladders or scaffolds; can frequently balance and stoop but never crouch, kneel or crawl; may never be exposed to unprotected heights, dangerous machinery, dangerous tools, hazardous processes or operate commercial motor vehicles; can tolerate occasional exposure to extreme cold and vibration; and in addition to normal workday breaks, he would be off-task 5% of an 8-hour workday (non-consecutive minutes). (Tr. at 16.)

According to the ALJ, Mr. McGhee is unable to perform any of his past relevant work, he is a "younger individual aged 45-49," and he has a "high school education" and is able to communicate in English, as those terms are defined by the regulations. (Tr. at 24.) Considering Mr. McGhee's age, education, work experience, and RFC, and using the testimony of a Vocational Expert, the ALJ found that there are a significant number of jobs in the national economy that Mr. McGhee is capable of performing, such as customer service representative, information clerk, and surveillance system monitor. (Tr. at 25.) The ALJ concluded his findings by stating that Plaintiff was not under a disability, as defined in the Social Security Act, from July 24, 2013 through the date of his decision. (*Id.*)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the

proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

Mr. McGhee contends that the Commissioner's decision should be reversed and remanded for three reasons: (1) the ALJ failed to give proper weight to the opinion of Dr. Ashish B. Shah, his treating physician, and instead substituted his own speculation for the opinion of Dr. Shah; (2) the ALJ erred in evaluating his credibility; and (3) the ALJ erred in giving substantial weight to the opinion of Dr. Marcus Whitman, the State agency non-examining physician.

### A. Treating Physician's Opinion

As a general matter, the weight afforded to a medical opinion regarding the nature and severity of a claimant's impairments depends upon, among other things,

the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Within the classification of acceptable medical sources are the following different types of sources that are entitled to different weights of opinion: 1) a treating source, or a primary physician, which is defined in the regulations as "your physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you;" 2) a non-treating source, or a consulting physician, which is defined as "a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you;" and 3) a non-examining source, which is a "a physician, psychologist, or other acceptable medical source who has not examined you but provides a medical or other opinion in your case . . . includ[ing] State agency medical and psychological consultants . . . ." 20 C.F.R. § 404.1502. The regulations and case law set forth a general preference for treating sources' opinions over those of non-treating sources, and non-treating sources over non-examining sources. *See* 20 C.F.R. § 404.1527(d)(2); *Ryan v. Heckler*, 762 F.2d 939, 942 (11th Cir. 1985). Thus, the

opinions of a one-time examiner or of a non-examining source are not entitled to any deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Further, an ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *McCloud v. Barnhart*, 166 F. App'x 410, 418–19 (11th Cir. 2006) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983)). Procedurally, the ALJ must articulate the weight given to different medical opinions and the reasons therefore. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).

A treating physician's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford*, 363 F.3d at 1159 (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted). "Good cause" for discounting a treating physician's opinion exists when: (1) the treating physician's opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the doctor's own medical records. *Phillips*, 357 F.3d at 1241 (*citing Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

Further, opinions such as whether a claimant is disabled, the claimant's RFC, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). The Court is interested in a physician's evaluation of a plaintiff's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis*, 125 F.3d at 1440. Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's RFC. *See, e.g.*, 20 C.F.R. § 404.1546(c).

In a detailed, single-spaced discussion spanning over four pages, the ALJ thoroughly discussed and analyzed Plaintiff's treatment records with Dr. Shah for his left ankle impairments from April 2013 to June 2015. (Tr. at 18-22). Dr. Shah performed a surgical fusion of Plaintiff's middle left foot with implantation of hardware on July 25, 2013. (Tr. at 317-19.) On October 30, 2013, Dr. Shah released him to work in two weeks with some restrictions. (Tr. at 447-48.) In November 2013 Plaintiff reported to Dr. Shah that he had been let go because his restrictions could not be accommodated, and Dr. Shah noted that Plaintiff would be limited to a

sitting job in the future. (Tr. at 431.) As the ALJ outlined, Dr. Shah gave various opinions over time with differing work restrictions. (Tr. at 19-20, 23). Dr. Shah gave at least three opinions that Plaintiff was capable of performing a sitting job. (Tr. at 19-20, 309-10, 423-26). These opinions are supported by Dr. Shah's notations on various occasions, among them that Plaintiff's pain score was a 0 out of 10; that he could not stand for prolonged periods of time, kneel, or walk stairs; that he had flare ups but that they would not prevent him from performing job functions; that he reported "no complaints"; and that he did not require direct personal assistance to perform activities of daily living. (Tr. at 309-10, 336, 423-26.) However, in February 2014 he opined that Plaintiff was permanently disabled. (Tr. at 23, 337). More specifically, he said: "His pain is clearly debilitating, but I do not think there is anything surgical that we can offer. We have prescribed Mobic and Neurontin. I do not think he can perform sedentary duty at this time and recommend permanent disability due to his condition." (Tr. at 337.) The ALJ noted that Dr. Shah's sudden more restrictive opinion coincided with Plaintiff reporting to him that his medical leave had expired in November 2013 and his then-employer had let him go because it was unable to accommodate the reduced range of sedentary work that Plaintiff needed. (Tr. at 23).

The ALJ ultimately gave little weight to the February 2014 opinion of Dr. Shah that Plaintiff was permanently disabled. (Tr. at 23, 337). In support, the ALJ stated that this was an opinion reserved for the Commissioner and was further not supported by Dr. Shah's treatment notes nor was it consistent with Dr. Shah's other opinions. (Tr. at 23).

In arguing that the ALJ should have given more weight to Dr. Shah's February 2014 opinion, Plaintiff overlooks that Dr. Shah had previously cleared him to work at a sedentary level on at least three occasions. Plaintiff contends that Dr. Shah's February 2014 opinion that he is permanently disabled is consistent with his ongoing use of prescription narcotic pain medication, the ongoing corticosteroid injections, the ongoing need to elevate his leg and wear compression socks, and a subsequent surgery in August 2014. (Pl.'s Br. at 12). However, Plaintiff was taking prescription narcotic pain medication and getting corticosteroid injections in the summer and fall of 2013, when Dr. Shah opined that Plaintiff could return to work in a sitting job. (Tr. at 309-10). There was simply no change or worsening of condition noted in Dr. Shah's treatment notes that would have supported his opinion in February 2014 that Plaintiff is permanently disabled. Under these circumstances, the ALJ did not err in giving little weight to Dr. Shah's February 2014 opinion.

## B. Credibility Determination

Plaintiff points out several items of his testimony at his hearing that he says supports a finding of disabled: that Dr. Shah had told him to elevate his foot three to four times per day; that he could not stand up much less walk in February 2014; that he has a "bad day" every third day and on those such days he has to lie in bed and elevate his foot the entire day. (Tr. at 60-65.)

When a plaintiff attempts to prove disability based on his subjective complaints, he must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of his alleged symptoms or evidence establishing that his medical condition could be reasonably expected to give rise to his alleged symptoms. *See* 20 C.F.R. § 416.929d(a), (b); SSR 96-7p; *Wilson v. Barnhart*, 284 F.3d 1219, at 1225–26 (11th Cir. 2002). If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that he has an impairment that could reasonably be expected to produce his alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on his ability to work. *See* 20 C.F.R. § 416.929(c), (d); SSR 96-7p; *Wilson*, 284 F.3d at 1225-26. This entails the ALJ determining a claimant's credibility with regard to the allegations of pain and other symptoms. *See id.* The ALJ must "[explicitly

articulate] the reasons justifying a decision to discredit a claimant's subjective pain testimony." *Moore v. Barnhart*, 405 F.3d 1208, 1212 n.4 (11th Cir. 2005). "When the reasoning for discrediting is explicit and supported by substantial evidence, "the record will not be disturbed by a reviewing court." *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995). The Commissioner's regulations set forth the following factors an ALJ should consider when evaluating a claimant's symptoms: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) any precipitating and aggravating factors; (4) medications taken to alleviate pain, including side effects and effectiveness; (5) treatment received to relieve pain; and (6) any other measures the claimant uses to relieve pain. 20 C.F.R. § 404.1529(c)(3); SSR 16-3p, 2016 WL 1119029, at *7 (2016). The ALJ evaluates these factors in connection with the other evidence in the record to make a credibility determination. 20 C.F.R. § 404.1529(c)(4).

In this case, the ALJ properly followed the two-step process in assessing Plaintiff's alleged symptoms and ultimately found that his complaints of disabling pain were not entirely credible. Contrary to Plaintiff's assertion that the ALJ provided no support for his negative credibility finding, the ALJ articulated reasons, supported by substantial evidence, for his credibility finding. Specifically, the ALJ articulated in over a page of single-spaced discussion Plaintiff's reports of

abilities and pain. (Tr. at 16-17). He discussed in detail the things Plaintiff and his wife reported he could and could not do in a Function Report as well as the things Plaintiff testified he could and could not do during his hearing. The ALJ noted some inconsistencies between the two, including that Plaintiff reported prior to the hearing that he could walk a mile or less before having to stop to rest for 30 minutes. (Tr. at 17, 184). However, during the hearing, Plaintiff testified that he could not walk more than 200 yards. (Tr. at 17, 62). Among other things, the ALJ noted that Plaintiff reported he could make his bed, do laundry, clean, prepare meals, shop and could perform personal care. (Tr. at 16, 179-83). He reported being able to drive alone and that he enjoyed fishing but that he did not fish very often. (Tr. at 17, 181-83). The ALJ also carefully observed Plaintiff and noted he walked with a cane, but was able to sit down and get up with no difficulty and was able to sit with no apparent discomfort. (Tr. at 23). Although not dispositive, a claimant's activities may show that the claimant's symptoms are not as limiting as alleged. *See* 20 C.F.R. § 404.1529(c)(3)(i); SSR 96-7p; *Dyer*, 395 F.3d at 1212; *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987).

The Commissioner, and at the hearing level the ALJ, has the duty to weigh the evidence, resolve material conflicts in testimony, and determine the case accordingly. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). Even if a

court disagrees with the ALJ's resolution of the factual issues, and would resolve those disputed factual issues differently, the decision must be affirmed where it is supported by substantial evidence in the record as a whole. *See Baker o/b/o Baker v. Sullivan*, 880 F.2d 319, 321 (11th Cir. 1989). In this case, substantial evidence and proper legal analysis supports the ALJ's decision that Plaintiff's complaints of pain were not as limiting as he alleged.

### C. Non-Examining State Agency Physician's Opinion

The ALJ gave significant weight to the opinion of the State agency non-examining physician in this case, Dr. Marcus Whitman, because it was consistent with the ALJ's RFC finding, which was based on evidence presented during the hearing that Dr. Whitman did not have access to at the time he completed the initial evaluation of Plaintiff.

Plaintiff erroneously argues that it was improper for the ALJ to give significant weight to a non-examining physician's opinion when it contradicted the treating physician's opinion. (Pl.'s Br. at 17). In support, Plaintiff cites to *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). However, the Commissioner changed the regulations governing the evaluation of medical source opinions in 1991. *See* 56 Fed. Reg. 36,932. The changes established that the opinions of non-examining doctors may override opinions from treating doctors, provided the non-examining

doctor's opinion is supported by the evidence in the record. *See* 20 C.F.R. § 404.1527(d), (f); 56 Fed. Reg. at 36,936-37, 36,953, 36,969. To the extent prior case law, such as *Lamb*, 847 F.2d at 698, cited by Plaintiff, conflicts with the Commissioner's regulations, courts defer to the Commissioner's regulations. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005) (upholding an agency's interpretation of a statute over prior court interpretation). In any event, the regulations establish that state agency physicians are experts in disability evaluation whose opinions may be entitled to great weight if supported by the evidence in the record. *See* 20 C.F.R. § 416.927(e)(2); SSR 96-6p, 1996 WL 374180, at *2-3 (S.S.A). Accordingly, Plaintiff's argument that it was improper for an ALJ to give substantial weight to non-examining physicians is simply erroneous.

## IV. Conclusion

Upon review of the administrative record, and considering all of Mr. McGhee's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON FEBRUARY 20, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704